CLERK'S OFFICE U.S. DIST COURT
AT DANVILLE, VA
FILED

JUN 24 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT MCKINLEY BLANKENSHIP,<br>Plaintiff, | Civil Action No. 7:16-cv-00021 |
| v. | MEMORANDUM OPINION |
| SOUTHWEST VIRGINIA REGIONAL<br>JAIL AUTHORITY,<br>Defendant. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Robert McKinely Blankenship, a Virginia prisoner proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983, naming the Southwest Virginia River Regional Jail Authority ("Authority") as the sole defendant. On April 15, 2016, the Authority filed a motion to dismiss. On the next business day, the Clerk issued a Notice that advised Plaintiff that a motion to dismiss was filed on April 15, 2016, and that Plaintiff had twenty-one days from the Notice to file a response. The Notice further advised:

> If Plaintiff does not respond to Defendant's pleadings, the Court will assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the Defendant states in their [sic] responsive pleading(s). If Plaintiff wishes to continue with the case, it is necessary that Plaintiff respond in an appropriate fashion .... <u>However, if Plaintiff does not file some response within the twenty-one (21) day period, the Court may dismiss the case for failure to prosecute</u>.

Notice (ECF no. 25) (original emphasis).

Plaintiff did not respond to the Notice or the motion to dismiss, and the latest mailing of the Notice was not returned to the court as undeliverable. Pursuant to the Notice entered on April 18, 2016, I find that Plaintiff has failed to prosecute this case. Accordingly, the complaint is dismissed without prejudice for Plaintiff's failure to prosecute, pursuant to Fed. R. Civ. P. 41(b), and all pending motions are denied without prejudice as moot. See Link v. Wabash R.R.

Co., 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). Plaintiff may refile the case in a new action at the time of his choice, subject to the applicable limitations period.

**ENTER:** This 24th day of June, 2016.

Senior United States District Judge